| **BEFORE:** | Magistrate Judge Steven L. Tiscione |
|---|---|
| **DATE:** | September 10, 2021 |
| **TIME:** | 11:00 A.M. |
| **DOCKET NUMBER(S):** | CV-18-7124 (ST) |
| **NAME OF CASE(S):** | **FIORE ET AL V. INGENIOUS DESIGNS, LLC** |
| **FOR PLAINTIFF(S):** | Collins |
| **FOR DEFENDANT(S):** | Blouin |
| **NEXT CONFERENCE(S):** | See rulings below |
| **FTR/COURT REPORTER:** | AT&T 11:00 - 11:30 |

**RULINGS FROM FAIRNESS HEARING:**

Final Fairness Hearing held. For the reasons more fully described in the attached order, the Unopposed Motion for Final Approval of Class Action Settlement [41] and the Motion for Attorney Fees, Expenses and Service Awards [38] are granted and this case is closed. Counsel shall contact the Court if a signed copy of the Order Approving Settlement is required.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- X

MELISSA FIORE and BARBARA SELDIN, Individually and on Behalf of All Others Similarly Situated,

      Plaintiffs,

v.

INGENIOUS DESIGNS, L.L.C., and HSN, Inc.

      Defendants.

------------------------------------------------------- X

No. Case 1:18-cv-07124

# [PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT, ATTORNEYS' FEES, COSTS AND EXPENSES AND SERVICE AWARD AND DISMISSAL OF THIS ACTION WITH PREJUDICE

This matter comes before the Court on the Unopposed Motion of Plaintiffs Melissa Fiore and Barbara Seldin and a class of Persons similarly situated ("Class Members") for final approval of the Class Action Settlement Agreement (the "Settlement Agreement"), dated April 23, 2021, and for dismissal of Defendants from this Action pursuant to the terms of the Settlement Agreement. Based on Plaintiffs' counsels' submissions in support of final approval, and in support of their application for fees, costs and expenses, the Court being fully advised of the proposed Class Settlement, HEREBY FINDS:

**I.**  **Background**

The Parties entered into the Proposed Class Action Settlement Agreement of this Action. This case is premised on allegations of unfair and deceptive acts and practices, breaches of warranties and unjust enrichment in connection with the sale of a household appliance generally known as the Joy Mangano My Little Steamer ("My Little Steamer" or "Steamer").

The Court preliminarily approved the Settlement on May 6, 2021 (Doc No. 37-1). That Order outlined the terms of the proposed settlement. The Court adopts and incorporates herein those portions of the Order.

Following the Court's Preliminary Approval of the Settlement, the Notice Plan was effectuated by the Parties and the appointed Claims Administrator, Epiq Systems. The Notice Plan included a direct mailing to Class members who could be specifically identified, as well as nationwide notice by publication, social media and retailer displays and posters. The Notice Plan also included the establishment of an informational website and toll-free telephone number. The Court finds the Parties completed all settlement notice obligations imposed in the Order Preliminarily Approving Settlement. In addition, Defendants through the Class Administrator, sent the requisite CAFA notices to 57 federal and state officials. The class notices constitute "the best notice practicable under the circumstances," as required by Rule 23(c)(2).

Without affecting the finality of the Judgment, the Court will reserve exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Settlement Agreement and Final Judgment.

**II.     Discussion**

    **A.     Approval of the Settlement**

To grant approval of a class settlement under Rule 23(e), the Court must determine that the proposed settlement is "fair, adequate, and reasonable, and not the product of collusion." *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d Cir. 2000) (citations omitted); *see* Fed. R. Civ. P. 23(e). Judicial policy favors the settlement and compromise of class actions. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116-17 (2d Cir. 2005); *see also In re Warfarin Sodium Antitrust Litis.*, 391 F.3d

516, 535 (3d Cir. 2004). Whether a settlement is fair is a determination within the sound discretion of the court. *Levitt v. Rodgers*, 257 F. App'x 450, 453 (2d Cir. 2007) (citing *In re Ivan F. Boesky Sec. Litig.*, 948 F.2d 1358, 1368 (2d Cir. 1991).

Generally, approval of a class action settlement involves a two-step process. First, the court preliminarily approves the proposed settlement by evaluating the written submissions and informal presentation of the settling parties and the negotiating process leading to the settlement. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d at 116. Second, the court holds a fairness hearing to "determine whether the settlement's terms are fair, adequate, and reasonable[.]" *Capsolas v. Pasta Res., Inc.*, No. 10 CV 5595, 2012 WL 4760910, at *4 (E.D.N.Y. Oct. 5, 2012).

1. Analysis of Procedural Fairness

In determining whether to approve a settlement, the court must consider whether the settlement was procedurally fair, that is whether the settlement was "achieved through arms-length negotiations by counsel with the experience and ability to effectively represent the class's interests." *Becher v. Long Island Lighting Co.*, 64 F. Supp. 2d 174, 178 (E.D.N.Y. 1999) (citing *Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982)); *see also D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (noting that the district court must "determine a settlement's fairness by examining the negotiating process leading up to the settlement as well as the settlement's substantive terms"); *In re Nissan Radiator/Transmission Cooler Litig.*, No. 10 CV 7493, 2013 WL 4080946, at *4 (S.D.N.Y. May 30, 2013). In reviewing a proposed settlement, the court has the "'fiduciary responsibility of ensuring that the settlement is ... not a product of collusion, and that the class members' interests [were] represented adequately.'" *Clement v. Am. Honda Fin. Corp.*, 176 F.R.D. 15, 29 (D. Conn. 1997) (internal citation omitted) (quoting *In re Warner Commc'ns Sees. Litig.*, 798 F.2d 35, 37 (2d Cir. 1986)).

In its preliminary approval Order, the Court found that the proposed Settlement was entered into only after Plaintiffs' counsel had conducted a thorough investigation, obtained extensive discovery, and analyzed the proper measure of damages and the likelihood of class certification. These efforts included interviewing and deposing former employees, interviewing consumers seeking information about the class action and examining their steamers, researching related consumer complaints and interviewing those consumers, reviewing extensive documents and data, retaining experts and conducting expert analysis of multiple steamers, serving and responding to written discovery requests and taking multiple depositions in related litigation including multiple depositions of HSN and IDL's former management to develop information that was key to negotiation of this Settlement.

Based on these factors, the Court continues to find that the process of reaching this proposed Settlement was procedurally fair.

2. Analysis of Substantive Fairness

The Court must also determine if the Settlement is substantively fair. Accordingly, in the Order granting preliminary approval of the Settlement, this Court evaluated the nine factors set out by the Second Circuit in *City of Detroit v. Grinnell Corp*, 495 F.2d 448, 463 (2d Cir. 1974) (internal citations omitted), *abrogated on other grounds*, *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000) ). These factors include:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the Settlement Fund in light of the best possible recovery; and (9) the range of reasonableness of the Settlement Fund

to a possible recovery in light of all the attendant risks of litigation[.]

*City of Detroit v. Grinnell Corp.*, 495 F.2d at 463; *see also D'Amato v. Deutsche Bank*, 236 F.3d at 86; *Garcia v. Pancho Villa's of Huntington Village*, No. 09 CV 486, 2012 WL 5305694, at *4 (E.D.N.Y. Oct. 4, 2012).

### a. Complexity, Expense, and Likely Duration of the Litigation

Turning to the first *Grinnell* factor, this Court, in its Preliminary Approval Order, examined plaintiffs' claims that "continued litigation would require extensive additional discovery and is projected to include numerous depositions likely exceeding the limits established in the rules of procedure. Complicated and expensive expert analysis will be required, motions for summary judgment, *Daubert* motions and class certification motion practice will occur. Plaintiff counsel's lodestar will increase exponentially if the case is not resolved at this stage, and even if Plaintiffs prevail at class certification, appeal of that determination is likely; and if Plaintiffs prevail at trial, post-trial motions and the potential for an appeal on the merits could prevent Class Members from receiving any recovery for many years, if ever. Defendants will raise affirmative defenses and vigorously oppose liability, a factor that weighs in favor of settlement. Moreover, although Plaintiffs strongly believe in the strength of their case, the reality of future *Daubert*, summary judgment and class certification motions demands consideration of the risks associated with establishing liability."

Accordingly, the Court finds that the first *Grinnell* factor of avoiding potential protracted litigation supports final approval of the Settlement.

### b. Reaction of Class to Settlement

The second *Grinnell* factor – the reaction of the Class – could not be evaluated at the time of the preliminary approval stage, but since then, the reaction has been substantially favorable as

evidenced by the limited number of objections and requests for exclusion as detailed in the Memorandum in Support of the Unopposed Motion for Final Approval. The Court finds that this factor favors approval.

### c. Establishing Liability and Damages and Maintaining the Action Through Trial

Plaintiffs acknowledge the risk of establishing liability and maintaining class certification through trial. Defendants will raise affirmative defenses and vigorously oppose liability, a factor that weighs in favor of settlement. *See In re Payment Card*, 330 F.R.D. at 36–37. Moreover, although Plaintiffs strongly believe in the strength of their case, the reality of future *Daubert*, summary judgment and class certification motions demands consideration of the risks associated with establishing liability. *Id*. at 37. And the challenges associated with establishing liability on a class-wide basis also create additional risk.

With respect to the exercise of proving economic injury and damages, Plaintiffs would have to overcome Defendants likely arguments that individualized inquiries related to damages, such as mitigation, varying degrees of defectiveness, product safety issues and usefulness among Class Members render certification of a class inappropriate. The proposed Settlement seeks to alleviate these risks and the Court finds that this factor favors final approval.

### d. Maintaining the Class Through Trial

Plaintiffs acknowledge that there is a risk associated with obtaining and maintaining class certification through trial. A motion for class certification would require additional discovery and briefing and inherently involves risk, expense, and delay. Since the proposed Settlement eliminates the aforementioned risk, expense, and delay, the Court finds that this factor favors final approval.

### e. Ability of Defendants to Withstand a Greater Judgment

The parties acknowledge that defendant HSN has the ability to withstand a greater

judgment. However, this fact alone "does not necessarily preclude a finding that the settlement is fair." *In re Payment Card*, 330 F.R.D. at 47. (quoting *Charron v. Pinnacle Grp. N.Y. LLC*, 874 F.Supp.2d 179, 201 (S.D.N.Y. 2012) ("A defendant['s] ability to withstand a greater judgment, standing alone, does not suggest that the settlement is unfair." (citation and internal quotation marks omitted) (alteration in original)).

Absent settlement, HSN undoubtedly would vigorously seek its dismissal from the case in a litigated context. Thus, HSN's presence in the case through trial is uncertain. IDL, on the other hand, is no longer operating and its employees and management have been terminated. Accordingly, IDL does not have the ability to withstand a greater judgment.

Accordingly, the Court finds that this factor is neutral and does not prevent approval of the proposed Settlement.

### f. Range of Reasonableness of Settlement

According to the parties' submissions, the average price paid for My Little Steamer Go Mini units throughout the country was $16.20. The average price paid for Deluxe models was $19.97 and when sold in combination packages, the average purchase price was $35.45. For qualified Class Members who purchased their units in the two-year period ending in December 2020, the agreed upon settlement amount equals the best possible recovery in that full refunds will be paid. For qualified Class Members who purchased their units in the two-year time period ending in December 2017, the available recovery ranges between roughly 50% - 60% for the Mini and Deluxe models respectively. And for qualified Class Members who purchased their units from 2002 to January 2015, the available recovery exceeds the best possible recovery in that the applicable statutes of limitations for such claims have expired. Moreover, the independent investigation by the CPSC and its resolution further validates the reasonableness of the Settlement.

The Court further notes that, unlike some settlements, in which the defendant makes a fixed payment into a common fund marked for distribution to the class, the Settlement Agreement provides for direct payments to Class Members who submit valid claims. Moreover, unlike some class settlements where the plaintiffs' counsel takes a percentage of the total fund regardless of how many class members participate, here, the Class Members who participate in the Settlement will receive the full value of their claims, as the parties have agreed that plaintiffs' counsels' fees will be paid separately by defendants, and will in no way detract from the resources available for payment of Class Members' claims.

On the basis of the foregoing discussion of the *Grinnell* factors, the Court finds that the total Settlement award is fair and reasonable.

### III. Certification of the Settlement Class

The Court adopts and incorporates its findings in the Preliminary Approval Order wherein it found that the Settlement Class satisfied the requirements of Rule 23. For purposes of settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the following settlement Class is certified:

> All individuals who purchased any Joy Mangano brand My Little Steamer from January 1, 2002 through December 31, 2020. Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family.

The Court further finds that the Settlement Class satisfies Rule 23(a) because it is so numerous that joinder of all persons who fall within the class definition is impracticable; the commonality requirement is satisfied because members of the Class share at least one common legal or factual issue; the claims of the Class Representative are typical of the claims of the Class; and the Class Representatives will fairly and adequately protect the interests of the Class. The

Class representatives are represented by qualified counsel who are competent to represent the Class and prosecute this litigation.

The Settlement Class meets all of the requirements for class certification under Rule 23(b)(3) because the common issues predominate over individual issues; and (2) a class action is the superior method of adjudicating this controversy. Fed. R. Civ. P. 23(b)(3). Christa L. Collins of Collins Law PL, which the Court previously appointed as Lead Class Counsel, satisfies the requirements of Rule 23(g).

## IV. Award of Attorneys' Fees, Costs and Expenses and Class Representative Service Awards

This Court also previously undertook an assessment of the adequacy of plaintiffs' counsel as Class Counsel under Rule 23(g) and found Class Counsel to have had extensive experience litigating complex consumer class action cases and to be well-versed in the applicable law. The Court confirms the appointment of plaintiffs' counsel as Class Counsel. After reviewing Class Counsel's motion for attorneys' fees, costs and expenses, the Court awards Class Counsel Attorneys' Fees, Costs and Expenses in the total amount of $975,000.00. Said fees and expenses are determined by the Court to be fair, reasonable and appropriate. No other fees, costs or expenses will be awarded to Plaintiff's Counsel in connection with this Action.

The Court further finds that Plaintiffs Melissa Fiore and Barbara Seldin acted as diligent class representative in initiating this lawsuit, monitoring its progress, producing information requested by Defendants and Class Counsel, and approved the settlement. Consequently, the Court approves Service Awards of $5,000 to each class representative.

## V. Conclusion

In accordance with the foregoing analysis, the Court ORDERS as follows:

1. Pursuant to Fed. R. Civ. P. 23(e), the terms and provisions of the Class Action Settlement Agreement, which the Court preliminarily approved by Order entered on May 6, 2021 (Doc No. 37-1) are finally approved in all respects.

2. All claims of Plaintiff and the Class members who did not timely and effectively exclude themselves from this Action are dismissed on the merits and with prejudice.

3. The Court GRANTS Plaintiff's Motion for Attorneys' Fees, Expenses and Service Awards [Doc No. 38].

4. This Court retains jurisdiction over this action for the purpose of interpretation and enforcement of the Class Action Settlement Agreement, including oversight of settlement administration and distribution of settlement funds.

Under Rule 54(b), there is no just reason for delay, and the Court directs entry of a final judgment.

The Clerk is requested to forward a copy of this written Opinion and Order to all counsel of record.

Entered:

September 10, 2021
Central Islip, New York

                                              s/ Steven Tiscione
                                      STEVEN L. TISCIONE
                                      UNITED STATES MAGISTRATE JUDGE